UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
(Fort Wayne Division)

|  |  |
|---|---|
| INTERNATIONAL TRUCK AND ENGINE ) | |
| CORPORATION and ) | |
| INTERNATIONAL TRUCK INTELLECTUAL ) | |
| PROPERTY CO., LLC, ) | Case No. 1:03 CV265 |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| CATERPILLAR INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| CATERPILLAR INC., ) | |
| ) | |
| Counter-Plaintiff, ) | |
| v. ) | |
| ) | |
| INTERNATIONAL TRUCK AND ENGINE ) | |
| CORPORATION and ) | |
| INTERNATIONAL TRUCK INTELLECTUAL ) | |
| PROPERTY CO., LLC, ) | |
| ) | |
| Counter-Defendants ) | |
| ) | |

### CATERPILLAR INC.'S MOTION TO STRIKE THE PORTIONS OF PLAINTIFFS' EXPERT REPORTS ADDRESSING LATE DISCLOSED CLAIMS AND LATE DISCLOSED PRODUCTS

Caterpillar Inc. ("Caterpillar") respectfully submits this Motion to strike the portions of the expert reports submitted on behalf of Plaintiffs by Clark J. Radcliffe and Joseph Gemini that address infringement of the five additional claims of U.S. Patent No. 4,809,177 ("the '177 Patent-in-Suit"), and the 34 additional Caterpillar products Plaintiffs first put at issue *two days* before the close of fact discovery.  These Newly Added Claims and Newly Added Products are the subject of Caterpillar's Motion to Preclude Plaintiffs From Asserting Late Disclosed Claims And From Accusing Late Disclosed Products, filed on April 15, 2004, which is fully briefed and pending before this Court.

Caterpillar's experts are currently working to prepare expert reports on the claims and accused products that were timely asserted by Plaintiffs.  This work entails responding to 5 claims of the '177 patent (claims 30, 50, 51, 55 and 56) and 14 accused products.  Plaintiffs should be limited to these claims and products because they informed Caterpillar in two interrogatory responses that those are the claims and products in issue.  As a result, discovery in the case focused on the 5 claims and nine products.  Plaintiffs should not be allowed to undermine all the discovery that has been taken under a pretrial schedule with which they agreed and which was ratified by an Order of this Court.

Similarly, Caterpillar would suffer prejudice if its experts are required to divert their efforts from the timely asserted claims (as to which discovery took place) in order to focus on the 5_Newly Accused Claims and 34 Newly Accused Products (as to which no discovery took place).  Accordingly, those portions of Plaintiffs=' experts reports that relate to the untimely Newly Asserted Claims and Newly Accused Products should be stricken in order to rectify the prejudice Plaintiffs are attempting to inject into these proceedings.

        Respectfully submitted,

        /S/ _____
        John T. Menzie  Attorney No. 10255-02
        BURT, BLEE, DIXON, SUTTON
         & BLOOM, LLP
        200 East Main Street – Suite 1000
        Fort Wayne, Indiana  46802
        Telephone: (260) 426-1300
        Facsimile:  (260) 422-2722


        ROBERT G. ABRAMS
        WILLIAM K. WEST, JR.
        GREGORY J. COMMINS, JR.
        PAMELA S. KANE
        MICHAEL J. STIMSON
        HOWREY SIMON ARNOLD &
         WHITE, LLP
        1299 Pennsylvania Avenue, N.W.
        Washington, D.C.  20004-2402
        Telephone:  (202) 783-0800
        Facsimile: (202) 383-6610

Dated:  May ____, 2004